# EXHIBIT "A"

Electronically Filed 10/16/2012 04:20:09 PM ET

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

EUREKA FARMER and
EDITH ANDERSON,

CASE NO. 12-CA 3371
FLA BAR NO. 0739685

Plaintiffs,

vs.

WAFFLE HOUSE, INC.,

Defendant.
_____/

## COMPLAINT

Plaintiffs, EUREKA FARMER and EDITH ANDERSON, hereby sue Defendant, WAFFLE HOUSE, INC., and alleges:

### NATURE OF THE ACTION

1. This is an action brought under 42 U.S.C. §1981 and 42 U.S.C. §1981a involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

2. At all times pertinent hereto, Plaintiff, EUREKA FARMER, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to her race, black.

3. At all times pertinent hereto, Plaintiff, EDITH ANDERSON, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to her race, black, and the fact that she reported discrimination adversely affecting her and she was the victim of retaliation thereafter.

4. At all times pertinent hereto, Defendant, WAFFLE HOUSE, INC., has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

5. Plaintiffs have satisfied all conditions precedent to bringing this action if any.

### STATEMENT OF THE ULTIMATE FACTS REGARDING EUREKA FARMER

6. Plaintiff began her employment with Defendant in or around September 2003 as a Waitress and left in October 2008. Plaintiff was then re-employed by the Defendant in January 2010. During the course of her employment with Defendant, she has been the victim of discrimination as set forth in part below and was terminated at least in part as a result thereof.

7. Plaintiff performed her job duties satisfactorily and had no disciplinary actions taken against her until December of 2010. In November, 2010, Hurdie Guiard, one of the managers of the Defendant, informed Plaintiff that upper management had given him a directive to bring in "a new breed of people." He further communicated that Dana Malbery, Brandon Luke, and Marty Posey wanted more white people in the store because of the area that the store was located in. This information explained why Plaintiff's hours were cut along with other black servers to accommodate a white waitress who had just been hired. After that, there was a drastic change.

8. After Plaintiff was informed that upper management was looking for a "new breed" of employees, Plaintiff was subjected to discipline for allegations of misconduct. Plaintiff was written up for talking on her cell phone and for using profanity while she was serving customers.

9. Three days after Plaintiff was written up for this conduct, she was terminated. Prior to December 2010, after she was told that upper management wanted a "new breed" of employees and after a fellow employee, speaking on behalf of other black employee, announced her intention

to report discrimination to Human Resources and the EEOC, Plaintiff and other black employees were fired. Plaintiff and other black employees were terminated under false pretenses and were replaced, at least in part, by white employees.

## STATEMENT OF THE ULTIMATE FACTS REGARDING EDITH ANDERSON

10. Plaintiff began her employment with Defendant on or around September 16, 2005, as a Waitress. During the course of her employment with Defendant, she has been the victim of discrimination and retaliation as set forth in part below.

11. Plaintiff performed her job duties as expected and had no disciplinary actions taken against her until November of 2010. At that time, Hurdie Guiard, one of the managers of the Defendant, informed the Plaintiff that upper management had given him a directive to bring in "a new breed of people." He further communicated that Dana Malbery, Brandon Luk,e and Marty Posey wanted more white people in the store. This information explained why the Plaintiff's hours were cut along with other black servers to accommodate a white waitress who had just been hired. After that, there was a drastic change in Plaintiff's terms and conditions of employment with Defendant.

12. After Plaintiff was informed that upper management was looking for a "new breed" of employees, Plaintiff was systematically subjected to discipline for contrived allegations of misconduct. Recognizing that she was being discriminated against, she informed her manager, Guiard, that she planned to report the discrimination to the EEOC and Human Resources. He had no response.

13. Three days later, she was told that upper management wanted a "new breed" of employees and after she announced her intention to report discrimination to Human Resources and

the EEOC, Plaintiff and other black employees were terminated under false pretenses and were replaced by white employees, at least in part.

14. Plaintiffs have retained the undersigned to represent their interests in this cause and are obligated to pay her a fee for her services. Defendant should be made to pay said fee under the laws applicable to this action.

## COUNT I

### RACE DISCRIMINATION

15. Paragraphs 1-14 are realleged and incorporated herein by reference.

16. This is an action against Defendant for race discrimination.

17. Defendant has taken action and allowed action to be taken against Plaintiffs because they are African American. During Plaintiffs' employment with Defendant, they have been the victims of racial discrimination based on disparate treatment with no action taken by Defendant to prevent or otherwise correct a known problem.

18. Defendant knew or should have known of the race based discrimination perpetuated against Plaintiffs and failed to take prompt and adequate remedial action or took no action at all to prevent the abuse to Plaintiffs. The events set forth herein lead, at least in part, to Plaintiffs' termination.

19. Defendant knowingly condoned and ratified the discrimination set forth above.

20. The discrimination complained of herein affected a term, condition, or privilege of Plaintiffs' continued employment with Defendant.

21. Defendant's conduct and omissions constitute intentional discrimination and unlawful employment practices based upon race in violation of the laws applicable to this action.

22. As a direct and proximate result of Defendant's conduct described above, Plaintiffs have suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

23. Plaintiffs are entitled to punitive damages.

## COUNT II
## RETALIATION- BROUGHT BY ANDERSON ONLY

24. Paragraphs 1-14 are hereby realleged and reincorporated as if set forth in full herein.

25. Defendant is an employer as that term is used under the applicable statutes referenced above.

26. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her.

27. The foregoing unlawful actions by Defendant were purposeful.

28. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and was the victim of retaliation thereafter, as related in part above. The events set forth herein led, at least in part, to Plaintiff's termination.

29. Plaintiff is a member of a protected class because she opposed unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the opposing of the unlawful employment practices and the adverse employment action taken thereafter.

30. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment,

humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent.

31.     Plaintiff is entitled to punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiffs;

(c)     enter judgment against Defendant and for Plaintiffs awarding damages to Plaintiffs from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiffs permanently enjoining Defendant from future violations of federal law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiffs awarding Plaintiffs attorney's fees and costs; and

(f)     grant such other further relief as being just and proper under the circumstances

### DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury on all issues set forth herein which are so triable.

DATED this 16th day of October, 2012.

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox; FBN 0739685
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL 32303
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)
Email: marie@mattoxlaw.com
ATTORNEYS FOR PLAINTIFFS